"O"

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | | |
|---|---|---|
| DANNEZ HUNTER, | ) | CV 08-129 AHS (ANx) |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER DENYING PLAINTIFF'S |
| | ) | MOTION FOR RECONSIDERATION TO |
| U.S. DEPARTMENT OF EDUCATION, et al., | ) | AMEND THE COMPLAINT |
| | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**I.**

**PROCEDURAL BACKGROUND**

On January 9, 2008, *pro se* plaintiff Dannez Hunter ("plaintiff") filed a complaint against defendants U.S. Department of Education, U.S. Department of Treasury, Great Lakes Higher Education Corp. ("GLHEC"), Northstar Guarantee, Inc. (erroneously sued as "Northstar Guarantee Corp.") ("Northstar"), Susie Mae, "Salle Mae," Granite State Management & Resource, the U.S. Attorney General, Michael B. Mukasey, Margaret Spelling, Henry M. Paulson, Jr., Richard George, and Does 1 through X. On April 7, 2008, the Court approved the parties' stipulation to allow plaintiff to file

1  a First Amended Complaint ("FAC").  On April 8, 2008, plaintiff
2  filed the FAC, naming only the U.S. Department of Education, U.S.
3  Department of Treasury, GLHEC, Northstar, Spelling, Paulson, and
4  George as defendants.[1]

5  On April 21, 2008, GLHEC and Northstar ("defendants")
6  filed motions to dismiss.  Plaintiff filed opposition on May 2,
7  2008.  On May 12, 2008, defendants filed a joint reply.  The Court
8  took both motions under submission on May 13, 2008.  In the
9  meantime, plaintiff made various filings in support of his
10 position.[2]  On August 12, 2008, the Court granted defendants'
11 motions to dismiss and granted plaintiff leave to amend.  Plaintiff
12 was required to file a Second Amended Complaint no later than
13 August 25, 2008, or defendants would be dismissed from the action.
14 Plaintiff, however, failed to file by the August 25, 2008 deadline,

---

[1] Defendants Salle Mae, the U.S. Attorney General, Michael B. Mukasey, and Does 1 through X were terminated from the action on April 8, 2008.  On February 4, 2008, plaintiff filed a "Declaration to Dismiss Susie Mae, and Granite State Management Without Prejudice."  On February 7, 2008, plaintiff filed a Notice of Dismissal as to defendant Granite State Management & Resource, pursuant to Fed. R. Civ. P. 41(a)(1).  On February 8, 2008, the Court, construing plaintiff's declaration as a motion, granted plaintiff's motion to dismiss defendants Granite State Management & Resource and Susie Mae.  Defendants U.S. Department of Education and Department of Treasury were dismissed on September 30, 2008.

[2] Specifically, plaintiff filed an "Opposition and Response" to defendants' joint reply on May 16, 2008; a declaration in support of plaintiff's "Opposition and Response" to defendants' joint reply on May 19, 2008; and a second declaration in support of plaintiff's "Opposition and Response" to defendants' joint reply on June 4, 2008.  As the Court stated in its August 12, 2008 Order, these documents were not properly before the Court.  See Local Rule 7-10 ("Absent prior written order of the Court, the opposing party shall not file a response to the reply.").

and, on August 27, 2008, the Court dismissed defendants from the action.

On September 4, 2008, plaintiff filed a Motion for Reconsideration to Amend the Complaint. On September 9, 2008, defendants filed opposition and a request for judicial notice. On September 16, 2008, plaintiff filed an "Opposition and Objection" to defendants' opposition. On September 17, 2008, plaintiff filed a separate "Objection" to defendants' request for judicial notice.

While plaintiff was seeking reconsideration to amend the FAC, plaintiff filed a "Motion for Judicial Notice to Disqualify Judge Aliciamarie [sic] H. Stotler" ("Motion to Disqualify").[3] Plaintiff's Motion to Disqualify was referred to Judge Florence-Marie Cooper, who denied plaintiff's motion on September 10, 2008. On September 15, 2008, plaintiff filed a motion for reconsideration regarding disqualification, a motion to "set aside" the dismissal of defendants, and an "objection" to Judge Cooper's order denying plaintiff's Motion to Disqualify. Plaintiff's three September 15, 2008 motions, along with plaintiff's September 16, 2008 "Opposition and Objection," which read substantively as a motion for reconsideration of the order denying disqualification, were referred to and denied by Judge Cooper on September 18, 2008.[4]

---

[3] The full caption of plaintiff's motion reads: "Motion for Judicial Notice to Disqualify Judge Aliciamarie [sic] H. Stotler for Deliberately Providing Her Staff with Material Instructions to Not Send the Plaintiff a Crucial Court Order to Dismiss the Defendants and Motion to Amend the Complaint in Odrer [sic] to Deliberately Sabotage the Case."

[4] Although plaintiff's September 15, 2008 motion to "set aside" defendants' dismissal was denied by Judge Cooper on September 18, 2008, defendants filed opposition on September 22, 2008, and plaintiff filed what the Court construes as a reply on

3

On September 26, 2008, the Court took under submission both plaintiff's Motion for Reconsideration to Amend the Complaint, to the extent it sought a ruling on the merits, and defendants' request for judicial notice.

## II.

## ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION TO AMEND THE COMPLAINT

**A.     The Parties' Contentions**

Plaintiff contends that he never received the Court's August 12, 2008 Order granting defendants' motions to dismiss and giving plaintiff leave to file a Second Amended Complaint. According to plaintiff, the Court deliberately instructed Court staff not to serve plaintiff with the August 12, 2008 Order. Plaintiff seeks reconsideration to amend the FAC in light of the Court's alleged wrongdoing.

Plaintiff also highlights what he claims to be a disparity in treatment between plaintiff and counsel for the U.S. Department of Education, U.S. Department of Treasury, and individually-named defendants Spelling, Paulson, and George. Plaintiff claims the Court granted counsel for these defendants "extension after extension," but did not afford plaintiff "equal treatment." (Pl.'s Mot. Recons. 1.)

In accordance with his allegations of wrongdoing and disparate treatment, plaintiff makes various requests and demands. First, plaintiff requests that a "three panel Citizen Jury" decide

---

September 26, 2008. To the extent any issues regarding plaintiff's motion to "set aside" defendants' dismissal remain outstanding, those issues are decided by the instant Order.

the instant motion, or, in the alternative, for default judgment against the U.S. Department of Education, U.S. Department of Treasury, and individually-named defendants Spelling, Paulson, and George. Second, plaintiff appears to allege a district-wide judicial conspiracy to thwart the constitutional rights of *pro se* litigants and demands that "[a]ll government judges in this district [be] disqualified from this case." Plaintiff levies similar allegations of deliberate misconduct on the Court itself. Finally, plaintiff questions why the Court did not appoint plaintiff an attorney once the Court "confirmed the Plaintiff's disability."

Defendants oppose, arguing that plaintiff has failed to allege adequate grounds for reconsideration under Local Rule 7-18 and Rule 60 of the Federal Rules of Civil Procedure. Even if plaintiff does allege adequate grounds, defendants continue, amendment would be futile because plaintiff's proposed Second Amended Complaint suffers from the same defects as the FAC.

**B.      Analysis**

"In civil rights cases where the plaintiff appears *pro se*, the court must construe the pleadings liberally and must afford plaintiff the benefit of any doubt." Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 623 (9th Cir. 1988). In light of plaintiff's status as a *pro se* litigant, the Court will construe plaintiff's motion under any applicable procedural mechanism for challenging the Court's August 27, 2008 Order. In this case, those mechanisms are Local Rule 7-18 and Rule 60 of the Federal Rules of Civil Procedure.

//

**1. Legal Standard**

Under Local Rule 7-18, a party may move for reconsideration based on:

> (a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or (b) the emergence of new material facts or a change of law occurring after the time of such decision, or (c) a manifest showing of a failure to consider material facts presented to the Court before such decision.

In addition, "[n]o motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion." Local Rule 7-18. The decision to grant or deny a motion for reconsideration under Local Rule 7-18 is a matter within the Court's discretion. Daghlian v. DeVry Univ., Inc., ---F. Supp. 2d---, No. CV 06-994 MMM (PJWx), 2007 WL 5633392, at *9 (C.D. Cal. Oct. 10, 2007).

Similarly, the Court may grant relief from a final judgment, order, or proceeding pursuant to Rule 60(b) on the following grounds:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been

6

```
1              discovered in time to move for a new trial
2              under Rule 59(b);
3              (3) fraud (whether previously called intrinsic
4              or extrinsic), misrepresentation, or misconduct
5              by an opposing party;
6              (4) the judgment is void;
7              (5) the judgment has been satisfied, released
8              or discharged; it is based on an earlier
9              judgment that has been reversed or vacated; or
10             applying it prospectively is no longer
11             equitable; or
12             (6) any other reason that justifies relief.
```

**2. Ruling**

Plaintiff fails to show that reconsideration under Local Rule 7-18 or relief under Rule 60(b) is warranted here. Beginning with Local Rule 7-18, nothing in plaintiff's motion suggests a material change in law or fact arising before or after the Court's August 27, 2008 Order. Nor does plaintiff make any "manifest showing of a failure to consider material facts presented to the Court." Instead, plaintiff simply repeats allegations of bias and judicial misconduct that were previously rejected in the orders denying plaintiff's Motion to Disqualify and denying plaintiff's motion for reconsideration of the Motion to Disqualify. (See Docket Nos. 98, 106.) As discussed more fully below, plaintiff's claim that he never received the Court's August 12, 2008 Order is not supported by the record and cannot serve as grounds for reconsideration of the August 27, 2008 Order. Accordingly, plaintiff has not demonstrated good cause for reconsideration under

Local Rule 7-18.

Likewise, plaintiff fails to establish grounds for relief from the Court's Order under Rule 60(b). Even assuming plaintiff's allegations of favoritism and judicial misconduct, construed broadly, are attempts to conjure Rule 60(b)(2), (3), (4), or (6), as stated above, those allegations have already been rejected and are insufficient to sustain plaintiff's motion.

The Court reads plaintiff's assertion that he never received the August 12, 2008 Order as invoking Rule 60(b)(1) or (6). However, a review of the docket reveals that the August 12, 2008 Order was sent by first class U.S. mail or fax to 3414 W. Washington Blvd., Suite 2, Los Angeles, CA 90018 – the same address plaintiff includes in the captions of his motions and, indeed, the same address to which plaintiff specifically directed the Court send "any and all correspondence" on January 24, 2008.[5] (See Pl.'s Decl. for Change of Address.)

Because plaintiff has failed to establish grounds for reconsideration under Local Rule 7-18 or relief under Rule 60(b), plaintiff's Motion for Reconsideration to Amend the Complaint must be denied.

Lastly, the Court briefly addresses plaintiff's various requests and demands, which are largely collateral to the instant motion. First, plaintiff cites to nothing in the Federal Rules of Civil Procedure or the Constitution creating a right to a "three

---

[5] The Court also notes that plaintiff's claims regarding lack of service of the August 12, 2008 Order were previously discussed and rejected in the September 10, 2008 Order Denying Motion to Disqualify Judge Alicemarie H. Stotler.

1  panel Citizen Jury" to decide motions for reconsideration.  Second,
2  plaintiff questions why he was not offered counsel once the Court
3  "confirmed the Plaintiff's disability."  (Pl.'s Mot. Recons. 2.)
4  In the civil context, it is the potential loss of physical liberty
5  that triggers the right to counsel.  See Lassiter v. Dep't of Soc.
6  Servs. of Durham County, 452 U.S. 18, 25-27, 101 S. Ct. 2153, 68 L.
7  Ed. 2d 640 (1981).  A district court may "request" counsel for
8  indigent civil litigants in exceptional circumstances.  See 28
9  U.S.C. § 1915(e)(1); Terrell v. Brewer, 935 F.2d 1015, 1017 (9th
10 Cir. 1991).  "To decide whether these exceptional circumstances
11 exist, a district court must evaluate both" the litigant's
12 likelihood of success on the merits and the litigant's ability to
13 articulate his claims, given the complexity of the relevant legal
14 issues.  Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997),
15 withdrawn in part on reh'g, 154 F.3d 952 (9th Cir. 1998) (en banc).
16 Plaintiff mentions his disability, but does not otherwise attempt
17 to establish exceptional circumstances.  In any event, plaintiff
18 would be hard-pressed to do so, given that all but the
19 individually-named defendants have been dismissed from the action.
20         Plaintiff's remaining requests and demands have been
21 addressed by the Court elsewhere and do not require discussion
22 here.
23 //
24 //
25 //
26 //
27 //
28 //

## III.

## **CONCLUSION**

For the reasons stated above, plaintiff's Motion for Reconsideration to Amend the Complaint is denied.  Because the Court does not need to reach defendants' alternative arguments regarding the futility of plaintiff's proposed amendments, defendants' request for judicial notice is declined at this time.

IT IS SO ORDERED.

IT IS FURTHER ORDERED that the Clerk shall serve a copy of this Order on all parties in this action.

DATED:  November 4, 2008.


   _ALICEMARIE H. STOTLER_
ALICEMARIE H. STOTLER
CHIEF U.S. DISTRICT JUDGE