```
                                                              JS-6
```

```
                    UNITED STATES DISTRICT COURT
                   CENTRAL DISTRICT OF CALIFORNIA
                         SOUTHERN DIVISION


                      CIVIL MINUTES - GENERAL
```

Case No.: <u>CV 08-129 AHS (ANx)</u>                    Date: <u>March 23, 2009</u>

Title:    <u>Dannez Hunter v. U.S. Department of Education, et al.</u>

================================================================
PRESENT: **HON. <u>ALICEMARIE H. STOTLER</u>, U.S. DISTRICT JUDGE**

      <u>Ellen Matheson</u>                     <u>Not Present</u>
      Deputy Clerk                        Court Reporter

**ATTORNEYS PRESENT:** None

**PROCEEDINGS:**          (IN CHAMBERS) ORDER: (1) DISCHARGING THE
                          COURT'S JANUARY 14, 2009, ORDER TO SHOW CAUSE
                          AND DISMISSING ACTION WITH PREJUDICE; AND (2)
                          DENYING AS MOOT "PLAINTIFF'S MOTION FOR A
                          LODGMENT OF DOCUMENTS" (Dkt. No. 31)

**I.**     <u>Procedural History</u>

      On January 14, 2009, the Court issued an Order to plaintiff to show cause why this case should not be dismissed for failure to diligently prosecute.  On January 22, 2009, plaintiff filed an "Objection and Response to Richard George Order to Show Cause Denying Jurisdiction Over Him."  (Dkt. No. 133.)  On January 28, 2009, Richard George filed a "Reply to Hunter's Response to Order to Show Cause Issued January 14, 2009."  (Dkt. No. 134.)  On January 29, 2009, plaintiff filed an "Objection and Response to Declaration of Counsel in Response to Court Order Dated December 29, 2008 and Request for Additional Time; Objection to U.S. Dept. of Education, Margaret Spelling, Henry M. Paulson, Jr., U.S. Dept. Of Treasury; Richard George Dismissal Due to Fraud."  (Dkt. No. 135.)

**II.**    <u>Order Discharging the Court's January 14, 2009, Order
           to Show Cause and Dismissing Action With Prejudice</u>

      Having read and considered the foregoing responses, the Court hereby discharges the January 14, 2009, Order to Show Cause and dismisses the action with prejudice.  Rule 4 of the Federal Rules of Civil Procedure requires service of the summons and

complaint by “a person who is at least 18 years old and not a party” “within 120 days after the complaint is filed.” Fed. R. Civ. P. 4(c)(1)-(2), (m). As the Court stated in the January 14, 2009, Order to Show Cause, the record indicates that plaintiff failed to properly serve individually-named defendants Margaret Spelling, Henry M. Paulson, and Richard George (collectively, “individually-named defendants”). Plaintiff purports to have properly served the individually-named defendants on February 11, 2008, February 13, 2008, or March 13, 2008. Plaintiff believes “[t]hese Defendants have discreetly disattached [*sic*] . . . the Proof of Service and Summons Complaint Form from the Actual Summons and Complaint” in order to falsely claim improper service. (Dkt No. 133 at 2; see also Dkt. No. 135 at 2-3.) Plaintiff’s claims regarding individually-named defendants’ alleged misconduct are unsubstantiated. Additionally, the purported dates of service predate the filing of the First Amended Complaint (“FAC”) - the first document naming individually-named defendants as parties. In other words, based on plaintiff’s dates of service, individually-named defendants could not have been properly served on February 11, 2008, February 13, 2008, or March 13, 2008, because they were not yet defendants in the action.

Plaintiff filed the FAC on April 8, 2008. Plaintiff failed to provide proof of service of the FAC as to the individually-named defendants until March 17, 2009, nearly one year after filing the FAC and over two months after the Court’s January 14, 2009, Order to Show Cause. Plaintiff’s filings are significantly late without justification. Accordingly, the Court dismisses the individually-named defendants and, consequently, this action for failure to diligently prosecute. Dismissal is with prejudice because, as discussed in the Court’s September 30, 2008, Order, plaintiff’s claims are “irreparably flawed,” rendering amendment futile. (Sept. 30, 2008, Order at 6.)

**III. Order Denying as Moot Plaintiff’s “Motion for a Lodgment of Documents” (Dkt. No. 31)**

On March 18, 2008, plaintiff filed a “Motion for a Lodgment of Documents.” (Dkt. No. 31.) In light of the foregoing, the Court denies plaintiff’s motion as moot.

<u>Dannez Hunter v. U.S. Department of Education, et al.</u>
CV 08-129 AHS (ANx)
March 23, 2009


**IV.  Conclusion**

       For the foregoing reasons, the Court dismisses the action with prejudice for failure to diligently prosecute and denies as moot plaintiff's "Motion for a Lodgment of Documents."

       The Clerk shall serve this Order on all parties in this action.


**MINUTES FORM 11                                  INITIALS OF DEPUTY CLERK <u>enm</u>**
**CIVIL - GEN       KB                  D - M**
O:\ECF Ready\SACV08-129, Hunter v. USDOE - Disch OSC Re Prosc & Dismiss.wpd

3